No. 53.—DAVID R. MUSTIN, plaintiff in error, *vs.* CHARLES E. MUSTIN, defendant in error.

[1.] Where an affidavit to hold a party defendant to bail in a suit pending in the Court of Common Pleas for the City of Augusta, was a substantial compliance with the provisions of the Act authorizing bail process to issue: *Held*, that it was not necessary that it should be specially stated in the affidavit, that the defendant was a resident of the City, especially when it was alleged on the face of the proceedings that he was a resident of the City.

*Certiorari*, from Richmond Superior Court.

The plaintiff in error was held to bail upon process issuing from the Court of Common Pleas of Augusta, in an action of assumpsit, upon the statutory provisions applicable to that Court, in November, 1852. He gave bond for his appearance

at the December Term, and at that Term moved the Court to dismiss the bail process, "because the affidavit did not state that the defendant in that Court was of said City, or any other fact entitling the Court, *prima facie*, to jurisdiction. This motion was overruled by the Court, and the plaintiff in error removed the case, by *writ of certiorari*, to the Superior Court, upon exceptions to the decision of the City Court, upon the above stated motion.

In answer to the *writ of certiorari*, Judge GOULD returned, "that the motion to dismiss the bail writ was overruled, because, though the affidavit for bail did not state the fact that the defendant was a resident of the City of Augusta, that fact did appear in the bail process; and further, that the suit in which said decision was made, has not yet been decided, nor in order for trial, but the above motion was overruled at the appearance term of said Court, which is for trial at the term now ensuing.

Upon this return to the *writ of certiorari*, Judge STARNES overruled the *certiorari*, to which decision the plaintiff in error excepts.

A. H. H. DAWSON, for plaintiff in error.

A. J. & T. W. MILLER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The objection to the bail affidavit is, that it does not state that the defendant is a resident of the City of Augusta. It appears, however, on the face of the record, that the defendant is a resident of the City, which was sufficient to give to the Court of Common Pleas of the City of Augusta jurisdiction of the cause.

The affidavit to hold the defendant to bail, is a substantial compliance with the Statute authorizing bail process to issue in that Court; therefore, let the judgment of the Court below be affirmed.